IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 18-MJ-01088-KLM

UNITED STATES OF AMERICA,

 Plaintiff,

v.

JOANNA ZARATE-SUAREZ,

 Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

 This matter is before the court for detention hearing on May 17, 2018. The court has taken judicial notice of the court's file and the pretrial services report. In addition, the court has considered the testimony and credibility of Special DEA Agent Ryan Donahue. Moreover, the court has considered the proffers by the defendant and the government.

 In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

If there is probable cause to believe that the Defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file. In addition, the court has considered the testimony and

credibility of Special DEA Agent Ryan Donahue.  I have also considered the proffers submitted by the government and defense counsel and the arguments of counsel.  Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the Criminal Complaint as follows:

Count 1: Distribution and Possession  with Intent to Distribute a Controlled Substance Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c) and 18 U.S.C. § 2.

Second, based upon the testimony of Special DEA Agent Ryan Donahue, I find probable exists that the defendant committed the above charged offense.

Third, I  find that the weight of the evidence is substantial against the defendant.  See testimony of Special DEA Agent Ryan Donahue.  The defendant and her family that reside in Colorado but she also has extended family including her grandmother who resides in Mexico. The CDLE records reflect no earnings for the defendant since 2016-4th Quarter. Defendant does a valid United States passport.  Defendant does possess a valid Colorado Driver's License. Defendant is pregnant and was diagnosed with gestational diabetes.  Defendant has been previously diagnosed with Anxiety, Depression, and Post Traumatic Stress Disorder (PTSD).  Defendant's Depression dates back to age 15.  Defendant has used marijuana in January 2018 and she stated she used marijuana weekly.  Defendant has a history of alcohol, cocaine, and marijuana use with her last using cocaine in 2011.  Defendant has participated in individual dual-diagnosis counseling and was successfully discharged in May 2016 while she was on Supervised Release in Case No. 11-cr-527 out of the United States District Court for the Western District of Texas.

Fourth, I find that defendant has suffered **juvenile adjudications** for Second Degree Trespass of a Motor Vehicle (misd) and Third Degree Assault - Knowingly/Recklessly Cause Injury (misd).  In addition, the defendant has suffered **adult convictions** for Conspiring to Import a Quantity of Marijuana (felony) and Required Headlight Equipment.  Defendant has had her juvenile probation revoked on three separate occasions. That based upon the charge brought in the Criminal Complaint the rebuttable presumption of detention applies pursuant to 18 U.S.C. §

3142(e)(3) and (f) and the defendant has not rebutted that presumption.

In light of these facts, I find, by a preponderance of the evidence, that defendant is a flight risk and that no condition or combination of conditions of release will reasonably assure her presence in court . Accordingly, I order that the defendant be detained without bond**.**

Done this 17th day of May 2018.

BY THE COURT

<u>S/ Michael J. Watanabe</u>
Michael J. Watanabe
U.S. Magistrate Judge